UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS HUDDLESTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN CHRISTNER TRUCKING, LLC,<br><br>    Defendant. | Case No. 4:17-cv-00549-GKF-FHM |

# DECLARATION OF CAROLYN HUNT COTTRELL IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Carolyn Hunt Cottrell, declare as follows:

1.   I am an attorney at law duly licensed and in good standing to practice law in the courts of California (No. 166977) and am admitted to practice *pro hac vice* before the Court in this action. I am a member in good standing of the State Bar of California and am over the age of eighteen.

2.   I am a partner at the law firm of Schneider Wallace Cottrell Konecky Wotkyns LLP ("SWCKW"). SWCKW specializes in class action litigation in federal and state courts. A substantial number of our class action cases are employment law cases, such as the instant one.

3.   SWCKW represents Plaintiff Thomas Huddleston ("Plaintiff") in this action against John Christner Trucking, LLC ("Defendant" or "JCT"). I submit this Declaration in support of Plaintiff's Motion for Class Certification. I am familiar with the file, the documents, and the history related to this case. The following statements are based on my personal knowledge and review of the files. If called to do so, I could and would testify competently thereto.

## QUALIFICATIONS, EXPERIENCE, AND EXPERTISE

4. SWCKW has acted or is acting as class counsel in numerous cases. A partial list of cases which have been certified and/or settled as class actions includes: *Van Liew v. North Star Emergency Services, Inc., et al.* (Case No. *RG17876878*) (Alameda County Superior Court) (final approval of a class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to reimburse for necessary business expenditures, waiting time penalties, and failure to provide itemized wage statements, under federal law); *Asalati v. Intel Corp.* (Case No. 16cv302615) (Santa Clara Superior Court) (final approval of a class and collective action settlement for failure to pay for all hours worked, failure to pay overtime, failure to provide meal and rest breaks, failure to reimburse for necessary business expenditures, failure to adhere to California record keeping requirements, waiting time penalties, and failure to provide itemized wage statements, under federal and California law); *Harmon, et al. v. Diamond Wireless, LLC*, (Case No. 34-2012-00118898) (Sacramento Superior Court) (final approval of a class action settlement for failure to pay wages free and clear, failure to pay overtime and minimum wages, failure to provide meal and rest breaks, failure to pay full wages when due, failure to adhere to California record keeping requirements, and failure to provide adequate seating, under California law); *Aguilar v. Hall AG Enterprises, Inc., et al.*, (Case No. BCV-16-10994-DRL) (Kern County Superior Court) (final approval of a class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay minimum and overtime wages, waiting time penalties, failure to provide itemized wage statements, and failure to pay undiscounted wages, under California law); *Viceral and Krueger v. Mistras Group, Inc.*, (Case No. 3:15-cv-02198-EMC) (Northern District of California) (final approval of a class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law); *Jeter-Polk, et al. v. Casual Male Store, LLC, et al.*, (Case No. 5:14-CV-00891) (Central District of California) (final approval of a class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay overtime wages, unpaid

wages and waiting time penalties, and failure to provide itemized wage statements); *Meza, et al. v. S.S. Skikos, Inc., et al.,* (Case No. 15-cv-01889-TEH) (Northern District of California) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Holmes, et al v. Xpress Global Systems, Inc.,* (Case No. 34-2015-00180822) (Sacramento Superior Court) (final approval of a class action settlement for failure to provide meal and rest breaks and failure to provide accurate itemized wage statements); *Guilbaud, et al. v. Sprint Nextel Corp. et al.,* (Case No. 3:13-cv-04357-VC) (Northern District of California) (final approval of a class and collective action settlement for failure to compensate for all hours worked, including overtime, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Molina, et al. v. Railworks Track Systems, Inc.,* (Case No. BCV-15-10135) (Kern County Superior Court) (final approval of a class action settlement for failure to provide meal and rest breaks, unpaid wages, unpaid overtime, off-the-clocker work, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Allen, et al. v. County of Monterey, et al.*, (Case No. 5:13-cv-01659) (Northern District of California) (settlement between FLSA Plaintiffs and Defendant to provide relief to affected employees); *Barrera v. Radix Cable Holdings, Inc., et al.*, (Case No. CIV 1100505) (Marin County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, off-the-clock work by, failure to provide overtime compensation to, failure to reimburse business expenditures to, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements to retention specialists working for cable companies); *Glass Dimensions, Inc., et al. v. State Street Corp. et al.*, (Case No. 1:10-cv-10588) (District of Massachusetts) (final approval of class action settlement for claims of breach of fiduciary duty and self-dealing in violation of ERISA); *Friend, et al. v. The Hertz Corporation*, (Case No. 3:07-052222) (Northern District of California)

3

(settlement of claims that rental car company misclassified non-exempt employees, failed to pay wages, failed to pay premium pay, and failed to provide meal periods and rest periods); *Hollands v. Lincare, Inc., et al.*, (Case No. CGC-07-465052) (San Francisco County Superior Court) (final approval of class action settlement for overtime pay, off-the-clock work, unreimbursed expenses, and other wage and hour claims on behalf of a class of center managers); *Jantz, et al. v. Colvin*, (Case No. 531-2006-00276X) (In the Equal Employment Opportunity Commission Baltimore Field Office) (final approval of class action settlement for the denial of promotions based on targeted disabilities); *Shemaria v. County of Marin*, (Case No. CV 082718) (Marin County Superior Court) (final approval of class action settlement on behalf of a class of individuals with mobility disabilities denied access to various facilities owned, operated, and/or maintained by the County of Marin); *Perez, et al. v. First American Title Ins. Co.*, (Case No. 2:08-cv-01184) (District of Arizona) (final approval of class action settlement in action challenging unfair discrimination by title insurance company); *Perez v. Rue21, Inc., et al.*, (Case No. CISCV167815) (Santa Cruz County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of retail employees); *Sosa, et al. v. Dreyer's Grand Ice Cream, Inc., et al.*, (Case No. RG 08424366) (Alameda County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of ice cream manufacturing employees); *Villalpando v. Exel Direct Inc., et al.* (Case Nos. 3:12-cv-04137 and 4:13-cv-03091) (Northern District of California) (certified class action on behalf of delivery drivers allegedly misclassified as independent contractors); *Choul, et al. v. Nebraska Beef, Ltd.* (Case Nos. 8:08-cv-90, 8:08-cv-99) (District of Nebraska) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Morales v. Farmland Foods, Inc.* (Case No. 8:08-cv-504) (District of Nebraska) (FLSA certification for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Barlow, et al. v. PRN Ambulance Inc.* (Case No. BC396728) (Los Angeles County Superior Court) (final

approval of class action settlement for failure to provide meal and rest breaks to and for off-the-clock work by certified emergency medical technicians); *Espinosa, et al. v. National Beef, et al.* (Case No. ECU0467) (Imperial Superior Court) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Wolfe, et al. v. California Check Cashing Stores, LLC, et al.* (Case Nos. CGC-08-479518 and CGC-09-489635) (San Francisco Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work by, employees at check cashing stores); *Carlson v. eHarmony* (Case No. BC371958) (Los Angeles County Superior Court) (final approval of class action settlement on behalf of gays and lesbians who were denied use of eHarmony); *Salcido v. Cargill* (Case Nos. 1:07-CV-01347-LJO-GSA,1:08-CV-00605-LJO-GSA) (Eastern District of California) (final approval of class action settlement for off-the-clock work by production-line employees of meat-packing plant); *Elkin v. Six Flags* (Case No. BC342633) (Los Angeles County Superior Court) (final approval of class action settlement for missed meal and rest periods on behalf of hourly workers at Six Flags amusement parks); *Jimenez v. Perot Systems Corp.* (Case No. RG07335321) (Alameda County Superior Court) (final approval of class action settlement for misclassification of hospital clerical workers); *Chau v. CVS RX Services, Inc.* (Case No. BC349224) (Los Angeles County Superior Court) (final approval of class action settlement for failure to pay overtime to CVS pharmacists); *Reed v. CALSTAR* (Case No. RG04155105) (Alameda County Superior Court) (certified class action on behalf of flight nurses); *National Federation of the Blind v. Target* (Case No. C 06-01802 MHP) (N.D. Cal.) (certified class action on behalf of all legally blind individuals in the United States who have tried to access Target.com); *Bates v. United Parcel Service, Inc.* (2004 WL 2370633) (N.D. Cal.) (certified national class action on behalf of deaf employees of UPS); *Satchell v. FedEx Express, Inc.* (Case No. 03-02659 SI) (N.D. Cal.) (certified regional class action alleging widespread discrimination within FedEx); *Siddiqi v. Regents of the University of California* (Case No. C-99-0790 SI) (N.D. Cal.) (certified class action in favor of deaf plaintiffs alleging disability access violations at the University of California); *Lopez v. San Francisco*

*Unified School District* (Case No. C-99-03260 SI) (N.D. Cal.) (certified class action in favor of plaintiffs in class action against school district for widespread disability access violations); *Campos v. San Francisco State University* (Case No. C-97-02326 MCC) (N.D. Cal.) (certified class action in favor of disabled plaintiffs for widespread disability access violations); *Singleton v. Regents of the University of California* (Case No. 807233-1) (Alameda County Superior Court) (class settlement for women alleging gender discrimination at Lawrence Livermore National Laboratory); *McMaster v. BCI Coca-Cola Bottling Co.* (Case No. RG04173735) (Alameda County Superior Court) (final approval of class action settlement for drive-time required of Coca-Cola account managers); *Portugal v. Macy's West, Inc.* (Case No. BC324247) (Los Angeles County Superior Court) (California statewide wage and hour "misclassification" class action resulting in a class-wide $3.25 million settlement); *Taormina v. Siebel Systems, Inc.* (Case No. RG05219031) (Alameda County Superior Court) (final approval of class action settlement for misclassification of Siebel's inside sales employees); *Joseph v. The Limited, Inc.* (Case No. CGC-04-437118) (San Francisco County Superior Court) (final approval of class action settlement for failure to provide meal and rest periods to employees of The Limited stores); *Rios v. Siemens Corp.* (Case No. C05-04697 PJH) (N.D. Cal.) (final approval of class action settlement for failure to pay accrued vacation pay upon end of employment); *DeSoto v. Sears, Roebuck & Co.* (Case No. RG0309669) (Alameda County Superior Court) and *Lenahan v. Sears, Roebuck & Co.* (Case No. 3-02-CV-000045 (SRC) (TJB)) (final approval of class action settlement for failure to pay Sears drivers for all hours worked); among many others.

     5.      SWCKW is regarded as one of the leading private plaintiff's firms in wage and hour class actions and employment class actions. In November 2012, the Recorder listed the firm as one of the "top 10 go-to plaintiffs' employment firms in Northern California." The partners and attorneys have litigated major employment class actions, have won several prestigious awards, and sit on important boards and committees in the legal community. SWCKW was founded by Todd Schneider in 1993, and I have been a member of the firm since 1995.

6. Nearly my entire legal career has been devoted to advocating for the rights of individuals who have been subjected to illegal pay policies, discrimination, harassment and retaliation and representing employees in wage and hour and discrimination class actions. I have litigated hundreds of wage and hour, employment discrimination and civil-rights actions, and I manage many of the firm's current cases in these areas. I am a member of the State Bar of California, and have had memberships with Public Justice, the National Employment Lawyers Association, the California Employment Lawyers Association, and the Consumer Attorneys of California. I served on the Board of Directors for the San Francisco Trial Lawyers Association and co-chaired its Women's Caucus. I was named one of the "Top Women Litigators for 2010" by the Daily Journal. In 2012, I was nominated for Woman Trial Lawyer of the Year by the Consumer Attorneys of California. I have been selected as a Super Lawyer every year since 2014. I earned my Bachelor's degree from the University of California, and I am a graduate of the University of the Pacific, McGeorge School of Law.

7. Plaintiff has undertaken substantial discovery efforts since the filing of the Complaint to properly evaluate the claims at issue. Such efforts include, but are not limited to: propounding and responding to written discovery; deposing ten of Defendants' executive employees and representatives, including Shannon Crowley, who appeared as a Rule 30(b)(6) witness for Defendant, and Darryl Christner, Defendant's Chief Financial Officer; and conducting significant outreach efforts. In response to Plaintiff's discovery requests, Defendant produced a Collective list that included the names and contact information for a sample of over 2,500 nationwide Drivers. In addition, Defendants have produced: (1) thousands of pages of personnel documents for putative Class Members, including the Independent Contractor Operating Agreements, Equipment Lease Agreements, *pro forma* documents, settlement documents, and loading documents, of the Named Plaintiff and four putative Class Members; (2) thousands of pages of handbooks, policies, orientation materials, training materials, and promotional materials, including but not limited to: its Driver orientation packet, termination data, radio and online advertisements, *pro forma* documents, rest break policies, and Driver handbook and hundreds of

pages of training and orientation materials; (3) hundreds of videos and media sent by Chipotle's employees. With respect to Plaintiffs' outreach efforts, Plaintiffs have conducted interviews with Class Members and gathered declarations from them about their experiences with regards to their experiences working for Defendant, including but not limited to the hours they worked for Defendant and their meal and rest breaks. Plaintiff submits declarations from putative Class Members, including himself, that worked throughout California and nationwide during the class period, in support of this Motion.

8. SWCKW is committed to the full preparation of this case, and is willing to take this case to trial should that become necessary. SWCKW is committed to acting in the best interests of the class, and understands our duties in that regard under applicable federal law.

9. Plaintiff Thomas Huddleston has prosecuted this case with the interests of the Class in mind. Plaintiff has met with and stayed in close contact with counsel and provided discovery responses as well as other essential information for the prosecution of this litigation. As shown in this Declaration, Plaintiff has selected counsel with extensive experience in class action and employment litigation, including discrimination class actions, and who do not have any conflict with the class. Our co-counsel, the Law Offices of Robert S. Boulter, is familiar with class actions and employment disputes. Based on all of the foregoing, I believe that my firm along with co-counsel are more than qualified to be appointed as class counsel to present the interest of the putative Class members herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and is based on my own personal knowledge. Executed this 22nd day of April, 2019, in Emeryville, California.

/s/ *Carolyn Hunt Cottrell*
Carolyn Hunt Cottrell