UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS HUDDLESTON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>JOHN CHRISTNER TRUCKING, LLC,<br><br>   Defendant. | Case No. 17-cv-00549-GKF-CDL |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Having considered Plaintiff Thomas Huddleston's Unopposed Motion For Final Approval of Class and Collective Action Settlement [ECF 280] requesting final approval of Joint Stipulation of Settlement and Release of Class and Collective Action [ECF 271-1] (the "Settlement"), and having reviewed the papers and documents presented, the statements of counsel, and the entire record in this case, the Court finds that the relief requested in the Motion should be granted.

The parties litigated this case for over five years. During the course of the litigation, the Court became very familiar with the claims, defenses, competing facts and legal theories presented by the parties, as well as the work of counsel in presenting them. Among other things, the Court considered and decided multiple motions and discovery disputes. These motions presented complex, difficult, and sometimes novel issues for the parties to develop and the Court to resolve. They also evidenced that the parties conducted extensive discovery, depositions, and investigation to support and vet their positions during the course of the case. Through lengthy arms' length negotiations, the parties have prepared the Settlement at issue.

IT IS THEREFORE ORDERED that Plaintiff's Unopposed Motion For Final Approval of Class and Collective Action Settlement be granted as follows:

1. This Order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

2. The Court has jurisdiction over the subject matter of this application and all matters related thereto, including all members of the Classes who have not timely and validly requested exclusion.

3. The Court has now considered Plaintiff's motion for final approval of the proposed Settlement by weighing (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d at 1188; *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006).  The Court concludes based on these factors, as well as the terms of the Settlement itself and the history of the lengthy arms-length negotiations that resulted in an agreement of these terms, that the settlement is "fair, reasonable, and adequate."

4. The Court hereby GRANTS final approval of the terms and conditions contained in the Settlement, attached to the Declaration of Carolyn H. Cottrell in support of Plaintiff's Motion for Preliminary Approval of Class and Collective Settlement as Exhibit A, ECF 271-1, as to the Classes. The Court finally finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law. The Parties shall comply with and implement the Settlement Agreement according to its terms.

5. The Court finds that the settlement amount is fair and reasonable to the Class Members. The Court further finds that (1) the Settlement has been reached as the result of

intensive, serious, and non-collusive negotiations between the Parties and was fairly and honestly negotiated with the guidance of a Circuit Court mediator; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties are able to reasonably evaluate their respective positions; (3) the settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) when balanced against the probable outcome of further litigation relating to class certification and decertification, liability and damages issues, and potential appeals, the Settlement appears to be within the range of reasonableness that could ultimately be given final approval by this Court.

6. The Court hereby GRANTS certification of the two Classes, in accordance with the Settlement, for the purposes of this Settlement only. The Classes were previously certified using nearly identical class definitions for these Classes. *See* ECF 213 at p. 38. The Classes are identified in the Settlement as follows:

a. <u>California Class</u>: All current and former individuals, to the extent they performed transportation services for John Christner Trucking, LLC (JCT) within California from April 12, 2013, until June 21, 2022, the date the Court granted preliminary approval of the settlement (Preliminary Approval Date), who (1) entered into an Independent Contractor Operating Agreement (ICOA) with JCT, (2) entered into a Lease Agreement with either JCT or Three Diamond Leasing, LLC, and (3) were classified as independent contractors between April 12, 2013, through the Preliminary Approval Date.

b. <u>Oklahoma Class</u>: All current and former individuals who provide(d) transportation services for JCT within the United States, who (1) entered into an ICOA with JCT, and (2) entered into a Lease Agreement with JCT or Three Diamond Leasing, LLC, from April 12, 2014, to the Preliminary Approval Date.

7. The Court finds that no class member has objected to the Settlement or to the motion for attorneys' fees, costs, and an incentive award, that two class members disputed his or her workweeks for calculating the settlement awards and those disputes have been resolved, and that one class member has requested to opt out of the settlement.

8. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Class Members advising them of the terms of the Settlement and of their right to object thereto, and a full and fair opportunity was accorded to all Class Members to be heard. The Court finds that the notice provided was the best means of providing notice to the Class Members under the circumstances. The Court further finds that it was due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and (h)(1). The Court further finds that the Notice of Settlement fully and accurately informed the Rule 23 Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Rule 23 Class Members to participate in this hearing and all Rule 23 Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Rule 23 Class Members, except the one Class Member who executed a request for exclusion, are bound by this Order and the Judgment.

9. The Court hereby makes final its earlier conditional certification of the FLSA Collective, in accordance with the Settlement, for purposes of this Settlement only. The FLSA Collective is defined as: "[a]ll current and former individuals who provided transportation services

for JCT within the United States, between May 1, 2015, and the Preliminary Approval Date, who (1) entered into an ICOA with JCT, (2) entered into a Lease Agreement with either JCT or Three Diamond Leasing, LLC (3) were classified as independent contractors, and (4) validly opted in to the FLSA collective on or before February 14, 2020."

10. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the FLSA Collective as set forth in its June 21, 2022, Order. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a *bona fide* dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

11. The Court further finds that the Notice of Settlement fully and accurately informed the Collective Members of all material elements of the Settlement. Accordingly, the Court determines that all Collective Members who did not execute a request for exclusion are bound by this Order and the Judgment.

12. The Court approves the PAGA Payment to the Labor and Workforce Development Agency ("LWDA") for Plaintiff's claims pursuant to the California Private Attorney General Act of 2004 ("PAGA").

13. The Court approves payment to the Settlement Administrator, Settlement Services, Inc., of $79,500 out of the Gross Settlement Amount, based on the declaration of Aisha Lange verifying the administrator's reasonable costs in fulfilling the settlement administration in this case.

14. The Court hereby confirms the appointment of Schneider Wallace Cottrell Konecky LLP and Law Offices of Robert S. Boulter as Counsel for the Classes and the FLSA Collective.

The Court hereby confirms the appointment of Plaintiff Thomas Huddleston as Class and Collective Representative for the Classes and the FLSA Collective.

15. By separate order, the Court finds that the award of Class Counsel's attorneys' fees and costs is fair, reasonable, and appropriate, and approves the incentive award to Plaintiff Huddleston as well.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order.

17. Accordingly, good cause appearing, the Court hereby approves following implementation schedule:

| Activity | Deadline |
| --- | --- |
| Effective Date | The date when all of the following events have occurred: (a) this Stipulation has been executed by all Parties and by Class Counsel and Defense Counsel; (b) the Court has given preliminary approval to the Settlement; (c) notice has been given to the Class Members providing them with an opportunity to opt-out of the Settlement; (d) the Court has held a Final Approval and Fairness Hearing and entered a final order and judgment certifying the Classes and approving this Stipulation; and (e) in the event there are written objections filed prior to the Final Approval and Fairness Hearing that are not later withdrawn, the later of the following events: when the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ, or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement |

| Activity | Deadline |
|---|---|
|  | shall not become effective until the Court's order approving the Settlement is completely final and there is no further recourse by an appellant or objector who seeks to contest the Settlement. In the event that no objections are filed, the Effective Date shall be after steps (a) through (d) have been completed. |
| Deadline for JCT to remit the Gross Settlement Amount to the Settlement Administrator | Within 28 days after the Effective Date |
| Deadline for Settlement Administrator to make payments under the Settlement to Class Participants, Plaintiff for the Service Award, Class Counsel for attorneys' fees and costs, and itself for Administration Costs | Within 35 days of the Effective Date |
| Deadline for Settlement Administrator to redistribute uncashed check funds to Class Participants | As soon as practicable after the 180-day check-cashing deadline for individual settlement payments after issuance |
| Deadline for Settlement Administrator to revert uncashed check funds to cy pres recipient | As soon as practicable after the 180-day check-cashing deadline for redistributed checks after issuance |

18. Upon the Effective Date, the Class Participants and Plaintiff each release the Released Parties, and each of them, of and from any and all of the Released Claims pursuant to Sections I.33 and X.1 of the Settlement.

Section I.33 provides that:

> "Released Claims" shall mean any and all claims, demands, causes of action, charges, and grievances, of whatever kind or nature, whether known or unknown, suspected or unsuspected, which Plaintiff and the Class Members now own or hold or have at any time before the Effective Date owned or held against Defendant or any of the Released Parties and which arose out of, are in any way connected to, or that were made or could have been made based on the facts, theories, and claims pled in the Complaint. The Released Claims include, but are not limited to, all wage and hour claims, whether known or unknown, at law or in equity, which Plaintiff and the Class Members may now have or may have as of the execution of this Stipulation under the wage orders of the California Industrial Welfare Commission, or other federal, state, or local law, claims for

penalties under PAGA, all claims for failure to pay minimum wages under California law, all claims for failure to pay for all hours worked under California law, all claims for failure to authorize and permit and/or make available meal and rest periods pursuant to the California Labor Code (Labor Code), all claims for failure to reimburse for necessary business expenses under Labor Code § 2802, all claims for failure to maintain proper payroll records under Labor Code § 1174, all claims for failure to provide accurate itemized wage statements under Labor Code § 226, all claims regarding coerced purchases under Labor Code § 450, all claims regarding willful misclassification under Labor Code § 226.8, all claims for waiting time penalties under Labor Code §§ 201-204, all claims for unlawful business practices under the California Business and Professions Code §§ 17200, et. seq., all claims for the unlawful sale of business opportunities under the Oklahoma Business Opportunity Sales Act, 71 Okla. Stat. §§ 801, et seq.; all claims for deceptive and unfair trade practices under the Oklahoma Consumer Protection Act, 15 Okla. Stat. §§ 752, et seq.; all claims for deceptive trade practices under the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 52, et seq.; statutory penalties, civil penalties under PAGA, California Labor Code §§ 2699 et seq., all claims for constructive fraud and negligent misrepresentation; and all claims for unjust enrichment. For Plaintiff and the FLSA Collective Members only, the Released Claims also include any and all claims, known or unknown, under the FLSA, 29 U.S.C. §§ 206, et seq., that were pled or could have been pled based on the factual allegations of the Complaint.

Section X.1 provides that:

> Upon the Effective Date, the Class Participants and Plaintiff each release the Released Parties, and each of them, of and from any and all of the Released Claims.
>
> It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge the disputes and claims relating to the Released Claims asserted in this Action against Defendant, whether known or unknown, liquidated or unliquidated. All Class Participants and Plaintiff expressly waive, as to only the Released Claims based on or arising out of the same factual predicates of the Complaint, running through the date of Preliminary Approval, the provisions, rights, and benefits of California Civil Code § 1542 (Section 1542), which reads:
>
>> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

As such, the Class Participants and Plaintiff understand and agree that they are providing the Released Parties with a full and complete release with respect to the Released Claims.

This Stipulation is intended to include within its effect any and all claims, damages, causes of action, and claims for attorneys' fees, costs, and expenses relating to the Released Claims asserted in the Action, and that, subject to the terms and conditions of this Stipulation and upon Final Approval of this Stipulation, all such claims, damages, causes of action, and claims for attorneys' fees, costs, and expenses that were asserted in the Action are deemed to be fully and finally resolved and are to be dismissed, with prejudice, as to each and every Class Participant and Plaintiff.

Each Class Participant and Plaintiff will be bound to the release of the Released Claims as a result of the Settlement and to the dismissal of the Claims, with prejudice.

19. Upon the Effective Date, Plaintiff, in exchange for receipt of the Service Award approved by the Court, further releases the Released Parties of and from any and all of the claims pursuant to Section X.2 of the Settlement. Section X.2 provides that:

Plaintiff, in exchange for receipt of a Service Award approved by the Court, on behalf of himself and his heirs, executors, administrators, and representatives, shall and does hereby forever release, discharge and agree to hold harmless the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees, costs, and expenses), known or unknown, at law or in equity, which he may now have or may have at any time prior to the Effective Date, against Defendant arising out of or in any way connected with his alleged employment with Defendant, his contracts with Defendant, including claims alleged in the Complaint, and any and all transactions, occurrences, or matters between the Parties occurring prior to the Preliminary Approval Date. Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under the (a) Americans with Disabilities Act, as amended; (b) Title VII of the Civil Rights Act of 1964, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) the Age Discrimination in Employment Act, as amended; (f) the Equal Pay Act; (g) the Employee Retirement Income Security Act, as amended; (h) the Consolidated Omnibus Budget Reconciliation Act; (i) the Rehabilitation Act of 1973; (j) the Family and Medical Leave Act; (k) the Civil Rights Act of 1966; (l) the California Fair Employment and Housing Act; (m) the California Constitution; (n) the California Labor Code; (o) the California Government Code; (p) the California Civil Code; (q) the California Business and Professions Code; (r) the California Franchise Investment Code; (s) the California Corporations Code; (t) the Fair Labor Standards Act; and (u) any and all other federal, state and local statutes, ordinances, regulations, rules and other laws, and any and all claims

based on constitutional, statutory, common law or regulatory grounds as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state or local statutes, ordinances, regulations, rules or laws. This release is for any and all relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages, tortious damages, liquidated damages, punitive damages, damages for pain and suffering, and attorneys' fees, costs, and expenses, and Plaintiff hereby forever releases, discharges and agrees to hold harmless Defendant and the Released Parties from any and all claims for attorneys' fees, costs, and expenses arising out of the matters released in this Agreement.

Plaintiff specifically acknowledges that he is aware of and familiar with the provisions of Section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff, being aware of Section 1542, hereby expressly waives and relinquishes all rights and benefits he may have under Section 1542 as well as any other statutes or common law principles of a similar effect. Plaintiff may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Released Claims and all the claims referenced herein, but stipulates and agrees that, upon the Effective Date, Plaintiff shall and hereby does fully, finally and forever settle and release any and all claims against Defendant and the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist or heretofore may have existed upon any theory of law or equity without regard to the subsequent discovery of existence of such different or additional facts.

Plaintiff also agrees that, to the extent permitted by law, if a claim is prosecuted in his name against any of the Released Parties before any court or administrative agency prior to the Effective Date, he waives, and agrees not to take, any award of money or other damages from such proceeding. Plaintiff agrees that, unless otherwise compelled by law, if a claim is prosecuted in his name against any of the Released Parties, he will immediately request in writing that the claim on his behalf be withdrawn.

20.  Upon the Effective Date, JCT will release Class Participants who were not under contract with Defendant as of the date of Preliminary Approval, from any and all monetary claims pursuant to Section X.3 of the Settlement. Section X.3 provides that:

Subject to Court approval, the Parties agree that Defendant will release Class Participants who were not under contract with Defendant as of the date of Preliminary Approval, from all known and unknown monetary claims.

21. The Court will separately enter a Judgment and Dismissal of this Action with prejudice consistent with the terms of this Order.

IT IS SO ORDERED this 31st day of October, 2022.

*[signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE